**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**WYNDHAM HOTELS AND RESORTS, LLC**

                          **Plaintiff,**

                     v.

**WELCOME HOTEL GROUP, LLC.,** *et al.,*

                          **Defendants.**

Civil Action No. 17-04065 (ES) (JAD)

**ORDER**

**SALAS, DISTRICT JUDGE**

It appearing that:

    1.    Before the Court is plaintiff Wyndham Hotels and Resorts, LLC's ("WHR") motion for final judgment by default against defendants Welcome Hotel Group, LLC ("WHG"), Edison Holdings NJ, LLC ("Edison Holdings"), and Deepak Vishwanath (collectively, "Defendants"). (D.E. No. 42 ("Motion")).

    2.    Plaintiff brings this twelve-count action against Defendants for breach of contract and violations of various provisions of the Lanham Act based on WHG's "unilateral termination" of its franchise agreement with WHR for a guest lodging facility (the "Franchise Agreement") as well as WHG and Edison Holdings's continued "misuse" of Plaintiff's registered Wyndham® Marks. (*See generally* D.E. No. 1 ("Complaint" or "Compl.")).

    3.    Plaintiff seeks a final judgement by default. (Motion at 1). To order final judgment, all of Plaintiff's claims must be "either resolved or withdrawn." *See U.S. Golf Ass'n v. ISaAC Scoring Sys., LLC,* No. 09-1848, 2010 WL 323203, at *3 (D.N.J. Jan 20, 2010) (citing Fed. R. Civ. P. 54(b)). "A default judgment that does not dispose of all of the claims among all parties is not a

final judgment unless the court directs entry of final judgment under Rule 54(b)." Fed. R. Civ. P. 55 Advisory Committee's Note, 2015 Amendment. Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the Court expressly determines that there is no just reason for delay." Otherwise, "[u]ntil final judgment is entered, Rule 54(b) allows revision of the default judgment at any time." Fed. R. Civ. P. 55 Advisory Committee's Note, 2015 Amendment. The Court finds that, while Plaintiff moves for a final judgment by default, it fails to address all claims alleged in the Complaint.

4. In its 12-count Complaint, Plaintiff alleges various causes of actions against Defendants. Specifically,

- Counts I and II of Plaintiff's Complaint request injunctive relief against WHG and Edison Holdings to prevent these defendants from utilizing the Wyndham® Marks at the guest lodging facility, as well as "compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem proper" under the Lanham Act. (*See* Compl. ¶¶ 58–78).

- In Counts III and IV, Plaintiff requests that WHG and Edison Holdings, respectively, "account to WHR for any and all revenue derived as a result of marketing, promoting, or selling guest lodge services at the Hotel through and with the Wyndham® Marks." (*Id*. ¶¶ 79–85).

- Counts V to VIII are all asserted against WHG. Count V seeks liquidated damages WHG (*id.* ¶¶ 86–92); Count VI seeks actual damages (*id.* ¶¶ 93–

96); Count VII seeks recurring fees owed under the Franchise Agreement (*id.* ¶¶ 97–100); and Count VIII seeks recurring fees and royalties under an unjust enrichment theory (*id.* ¶¶ 101–105).

- Count IX is asserted against Vishwanath.  Count IX(a) seeks liquidated or actual damages and recurring fees owed under the Franchise Agreement, and Count IX(b) seeks recurring fees under an unjust enrichment theory.  (*Id.* ¶¶ 106–109).

- Count X mirrors Counts IX and is asserted against Edison Holdings.  Specifically, Count X(a) seeks liquidated or actual damages and recurring fees owed under the Franchise Agreement, and Count X(b) seeks recurring fees under an unjust enrichment theory.  (*Id.* ¶¶106–109).  Count XI seeks compensatory damages and other relief at the Court's discretion, also under an unjust enrichment theory, against Edison Holdings.  (*Id.* ¶¶ 114–117).

- Lastly, Count XII requests the right for Plaintiff "to enter the property at the Hotel and remove any and all exterior signage, exterior items, and other exterior materials displaying the Wyndham® Marks."  (*Id.* ¶¶ 118–123).

5. Upon motion for default judgment, Plaintiff does not appear to seek any injunctive relief.  Specifically, Plaintiff claims in the Motion that it is entitled to recurring fees "computed pursuant to mutually agreed upon formulas set forth" in the Franchise Agreement, totaling $378,005.42 as supported by an "itemized statement."  (*See* Pl. Mov. Br. at 9).  Plaintiff also claims that it is entitled to liquidated damages because "Defendants agreed, pursuant to section 18.C of the Franchise Agreement that, in the event of a premature termination of the Franchise Agreement, they would pay liquidated damages to WHR."  (Pl. Mov. Br. at 9).  Finally, Plaintiff claims that it

is entitled to infringement damages under the Lanham Act, 15 U.S.C. § 1117(a) and (b), which "authorizes damages even when they are not susceptible to precise calculations." (*Id.* at 10). Thus, Plaintiff does not appear to address the injunctive relief it sought in Counts I, II, III, IV, and XII of the Complaint. (*See* Compl. ¶¶ 58–85 & 118–123; *see generally* Pl. Mov. Br.).

6. Additionally, Plaintiff's Motion does not appear to address the various claims of unjust enrichment as alleged in Counts VIII, IX(b), X(b), and XI of the Complaint. (*See* Compl. ¶¶ 106–117; *see generally* Pl. Mov. Br.). As discussed above, the Motion seeks a final judgment by default based on claims of trademark infringement, [1] as well as claims of breach of contract, which are distinct from claims of unjust enrichment. *See Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 334 (stating that unjust enrichment claims rest "solely on a legal fiction and are not contract obligations at all in the true sense, for there is no agreement").

Accordingly, IT IS on this 25th day of November 2020;

**ORDERED** that, within 14 days after the entry of this Order, Plaintiff must submit a letter of no more than 2 pages to the Court, addressing the Counts under which Plaintiff moves for default judgment and the Counts Plaintiff withdraws, if any; and it is further

**ORDERED** that the Clerk of Court shall ADMINISTRATIVELY TERMINATE docket entry number 42.

*s/Esther Salas*_____
**Esther Salas, U.S.D.J.**

---

[1] The Court notes that, in its moving brief in support of its Motion, Plaintiff seeks default judgment based on, *inter alia*, claims of trademark infringement. (Pl. Mov. Br. at 6). Its proposed order, however, states that the Complaint seeks "damages as a result of the breach of a franchise agreement between WHR and Defendants." (D.E. No. 42-2 at 1 (ECF Pagination)).